IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE W. VULLINGS, : <br> individually and on behalf of all others : <br> similarly situated, : <br>                  Plaintiff, : <br> : <br>                  v. : <br> : <br> BRYANT HEATING AND COOLING : <br> SYSTEMS, CARRIER CORPORATION, : <br> and UNITED TECHNOLOGIES : <br> CORPORATION, : <br>                  Defendants. : | CIVIL ACTION <br><br> No. 18-3317 |

**McHUGH, J.**                                                                                          February 19, 2019

**MEMORANDUM**

      This purported class action alleging a defect in a consumer product presents in an unusual way. It appears that the product in question—a furnace—was in Plaintiff's counsel's home and that he is bringing the case with his wife as Plaintiff and class representative. The furnace in question was removed and replaced in 2018—13 years after it was installed and before the defendant manufacturer had the opportunity to inspect the furnace or the allegedly defective control boards, which were replaced three times during the life of the furnace. Certain portions of the Complaint appeared to be copied from similar class actions filed in other jurisdictions.

      Plaintiff's Complaint first alleges that there is a defect associated with the control board, in violation of implied and express warranties. She then advances several claims centered on the assertion that, despite knowing of the control board defect, Defendants continued to market and sell the product, representing it as reliable and fit for its intended purpose. I conclude that Plaintiff's warranty claims and her claim of unjust enrichment are all time-barred and

accordingly will dismiss Counts I, III, IV, and V with prejudice. Because I find the facts in the Complaint insufficient to support Plaintiff's Fraud, Unfair Trade Practices and Consumer Protection Law (UTPCPL), and Negligent Misrepresentation claims, I will likewise dismiss Counts II, VI, and VII but will do so without prejudice.

I. **Factual Background**

In or around 2005, Plaintiff purchased a Bryant Evolution System Plus 90i furnace, which Defendants manufactured.[1] Plaintiff alleges that the system is "predisposed to premature performance degradation and/or complete and total failure within the express and/or implied warranty period caused by defective design and manufacture including but not limited to the use of a sub-standard faulty control board." Pl.'s Compl. 9, ECF No. 1. The purported defects in the control board include "soldering points that failed prematurely and caused error codes and the shutdown of the system." *Id.* at 2.

Plaintiff further claims that Defendants knew of the control board defects. The Complaint cites a 2010 "DIY Chatroom"[2] post about another product in the Bryant Plus 90 series in support of the assertion that consumers, contractors, and distributors alerted Defendants to the control board problems early in the manufacture and installation processes. *Id.* at 5-6. The Complaint includes a number of assertions that Defendants knew of the defects but continued to market the systems as reliable and sell them to customers who believed them to be of adequate quality. *See id.* at 3, 4, 5, 11, 19 23, 26, 27, 28.

With respect to the system she purchased, Plaintiff alleges that she had to have the control board replaced three times during "twelve seasons of use . . . beginning as early as a few

---

[1] In certain configurations, it can serve as an entire heating and cooling system, but as purchased, provides only a heat function.

[2] "DIY" is an acronym for "Do It Yourself."

2

years from purchase." *Id.* at 9. The most recent failure occurred in early 2018. Each time, licensed HVAC repairmen purportedly notified Defendants of a malfunctioning control board and ordered a replacement at Plaintiff's cost. Plaintiff also alleges that the system often failed to change from one stage to another, causing exorbitant energy costs, and that she spent thousands of dollars on repairs and testing for deficiencies. In 2018, Plaintiff had the furnace replaced.

The main and most expensive component of the furnace, the heat exchanger, had a lifetime limited warranty. A more limited warranty applied to the overall system. That warranty provided:

> **FIVE YEAR WARRANTY**—This Bryant Heating & Cooling Systems (hereinafter referred to as "Bryant") product is warranted to be free from defects in material and workmanship under normal use and maintenance for a period of five years from the date of original installation whether or not actual use begins on that date. A new or remanufactured part, at Bryant's sole option, to replace any defective part will be provided without charge for the part itself; PROVIDED the defective part is returned to our distributor through a qualified servicing dealer. The replacement part assumes the unused portion of the warranty.

Defs.' Mot. Dismiss Ex. A, ECF No. 12-2.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6), as augmented by *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009), provides the standard for my consideration of Defendants' Motion to Dismiss.

## III. Discussion

### a. *Warranty Claims: Counts I, IV, V*

Defendants first move to dismiss as untimely Plaintiff's federal and state law breach of warranty claims. Plaintiff has alleged breach of express and implied warranties under the federal Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-12 (Count I), as well as breach of express warranty and breach of the implied warranty of merchantability under Pennsylvania law (Counts

3

IV and V). I will first address the express warranty claims and then the implied warranty claims. Because I agree with Defendants that these claims are time-barred, I will dismiss all three counts.

The Pennsylvania statute of limitations for express and implied warranties is four years. *See* 13 Pa. Cons. Stat. § 2725(a). The Magnuson Moss Act does not contain a statute of limitations, so courts apply the most analogous state law period—in this case, the four-year statute of limitations in § 2725. *Busche v. Monaco Coach Corp.*, 2006 WL 3302477, at *5 (E.D. Pa. Nov. 13, 2006); *Lowe v. Volkswagen of Am., Inc.*, 879 F. Supp. 28, 30 (E.D. Pa. 1995). Pennsylvania's statutory discovery rule may toll the statute of limitations for these claims "where a warranty explicitly extends to future performance," in which case "the cause of action accrues when the breach is or should have been discovered." 13 Pa. Cons. Stat. § 2725(b). Even when the discovery rule applies, however, claims still must accrue during the warranty period. *See Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 616 (3d Cir.1995) ("[L]atent defects discovered after the term of the warranty are not actionable" (internal quotation marks and citation omitted)); *Voicheck v. Ford Motor Corp.*, 2013 WL 1844273, at *4 n.7 (E.D. Pa. May 2, 2013). The last day of the warranty period is the latest date on which the statute of limitations can begin to run. The maximum time in which one could bring a breach of express warranty claim is therefore calculated by adding the length of the warranty period to the statute of limitations period.

The parties here disagree about the length of the warranty period. Plaintiff suggests the warranty began anew every time the control board was replaced. Because the most recent replacement occurred in 2018, by Plaintiff's logic, the five-year warranty would extend until 2023. Defendant argues the warranty was limited to five years total, and that the replacement parts did not re-start the warranty. Because Plaintiff purchased the system in 2005, that would

4

mean the warranty extended no later than 2010, and even if the discovery rule applied, the statute of limitations would have expired by 2014 at the latest.

Defendant's interpretation is consistent with the language of the warranty. The final line of the five-year warranty reads: "The replacement part assumes the unused portion of the warranty." Defs.' Mot. Dismiss Ex. A, ECF No. 12-2. This language makes it explicit that the replacement of a part does not re-start or extend the five-year warranty, refuting Plaintiff's contention. I, therefore, agree with Defendant that the warranty ended in 2010, and the latest possible expiration of the statute of limitations was in 2014. Because Plaintiff did not file this Complaint until four years later, the claim is time-barred.

The statute of limitations expired even earlier with respect to the implied warranty claims. The statute of limitations in 13 Pa. Cons. Stat. § 2725(a) applies to both express and implied warranty claims. *See Cooper-Booth Trans. Co., L.P. v. Daimler Trucks of N. Am., LLC*, 2018 WL 1940527, at *2-3 (E.D. Pa. Apr. 24, 2018). But the discovery rule exception in § 2725(b) does not apply to the implied warranty of merchantability because that warranty does not expressly extend to future performance. *Antz v. GAF Materials Corp.*, 719 A.2d 758, 760 (Pa. Super. Ct. 1998) ("Implied warranties of merchantability and fitness for a particular purpose cannot explicitly extend to future performance." (citing *Nationwide Ins. Co. v. Gen. Motors Corp./Chevrolet Motor Div.*, 625 A.2d 1172, 1178 (Pa. 1993))); *Cooper-Booth Trans. Co., L.P. v. Daimler Trucks of N. Am., LLC*, 2018 WL 1940527, at *3 (E.D. Pa. Apr. 24, 2018). In cases concerning such implied warranties, the cause of action for breach accrues at the time of delivery. *Id.* Here, the parties agree that Plaintiff purchased the system in 2005, with the result that the four-year statute of limitations expired in 2009. Given that Plaintiff did not bring these breach of implied warranty claims until nine years later, they are time-barred.

5

Plaintiff insists that an exception to such a time-bar exists wherever a plaintiff alleges the warranty in question is unconscionable. Here, however, Plaintiff advances only legal conclusions about the unconscionability of the warranty, without alleging facts to support those conclusions. Under Pennsylvania law, unconscionability requires a showing of both substantive and procedural unconscionability. *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 181 (3d Cir. 1999). Plaintiff has not alleged sufficient facts to satisfy either prong.

"Substantive unconscionability refers to contractual terms that are unreasonably or grossly favorable to one side and to which the disfavored party does not assent." *Id.* (citing *Germantown Mfg. Co. v. Rawlinson*, 491 A.2d 138, 145-47 (Pa. Super. Ct. 1985)). Here, aside from a conclusory statement that the terms of the warranty were one-sided and unreasonably favored Defendants, Plaintiff has not alleged any facts regarding the unreasonableness of the terms, the degree to which they favored Defendants, or Plaintiff's lack of assent. *See* Pl.'s Compl. 23, ECF No. 1. Viewed in the context of the warranty as a whole, the five-year warranty is accompanied by a lifetime limited warranty for the heat exchanger. *See* Defs.' Mot. Dismiss Ex. A, ECF No. 12-2. Such time limits hardly support a determination that the warranty was substantively unconscionable. Plaintiff's assertions that Defendants knew of the defect likewise cannot, without more, suffice to establish substantive unconscionability. *See Osness v. Lasko Prods., Inc.*, 868 F. Supp. 2d 402, 411-12 (E.D. Pa. 2012). The only facts offered in support of that knowledge involve unspecified complaints from customers and contractors, but Plaintiff does not even allege that the complaints were made before Plaintiff purchased the system.[3] Plaintiff has therefore not alleged substantive unconscionability.

---

[3] Plaintiff cites a 2010 "DIY Chatroom" website post that indicates a control board error with the Bryant Plus 90. But Defendant accurately points out that this posting involved a different Bryant product. And Plaintiff does not explain how such a post would have provided Defendant with knowledge of the problem with the control board in her Bryant Evolution System Plus 90i, which she purchased in 2005.

6

Even if she had sufficiently alleged substantive unconscionability, Plaintiff fails to advance adequate facts for procedural unconscionability. Procedural unconscionability requires "a lack of meaningful choice in the acceptance of the challenged provision." *Quilloin v. Tenet HealthSystem Phila., Inc.*, 673 F.3d 221, 235 (3d Cir. 2012) (quoting *Salley v. Option One Mortg. Corp.*, 925 A.2d 115, 119 (Pa. 2007)). Plaintiff simply asserts that she and other customers had no meaningful choice regarding the warranty's limits. She includes no additional facts about any negotiation process aside from a statement that a disparity in bargaining power existed. But Bryant is hardly the only furnace manufacturer, and Plaintiff was not prevented from considering comparable products with different warranties. Such conclusory statements do not suffice to make out an allegation of unconscionability.

Accordingly, I find the breach of warranty claims time-barred and will dismiss Counts I, IV, and V with prejudice.

      b. *Unjust Enrichment Claim: Count III*

The unjust enrichment claim is time-barred as well. Unjust enrichment claims are subject to a four-year statute of limitations. 42 Pa. Cons. Stat. § 5525(a)(4). Under Pennsylvania law, an unjust enrichment claim "accrues when the defendant receives and retains benefits." *Goleman v. York Int'l Corp.*, 2011 WL 3330423, at *4 (E.D. Pa. Aug. 3, 2011) (internal quotation marks and citations omitted). Here, Defendant received the benefit of Plaintiff's purchase at the time of purchase in 2005. The statute of limitations therefore expired in 2009. Because Plaintiff did not raise this claim until 2018, I find that it is untimely.

Plaintiff argues the discovery rule should apply to toll the statute of limitations. But the Complaint does not include facts to support such tolling, which requires due diligence on the part of the plaintiff to discover the injury or defect. *See Debiec v. Cabot Corp.*, 352 F.3d 117, 129

(3d Cir. 2003); *see also Ruddy v. Mt. Penn Borough Mun. Auth.*, 2014 WL 1852002, at *3 (Pa. Commw. Ct. May 6, 2014) (emphasizing reasonable diligence in application of Pennsylvania discovery rule). Plaintiff includes no information about whether she engaged in efforts to discover the existence or cause of injury. *See Goleman v. York Int'l Corp.*, 2011 WL 3330423, at *5 (E.D. Pa. Aug. 3, 2011) (citing *Harry Miller Corp. v. Mancuso Chem. Ltd.*, 469 F. Supp. 2d. 303, 313 (E.D. Pa. 2007)). The Complaint contains only one paragraph entitled "TOLLING OF STATUTE OF LIMITATIONS," which asserts that Plaintiff and other customers could not possibly have learned the truth about the systems because the control board defect was concealed within the units. Pl.'s Compl. 8, ECF No. 1. But the Complaint refers to multiple control board problems and replacements before 2018. *Id.* at 9-10; *see also* Pl.'s Resp. 23, ECF No. 15. Plaintiff fails to explain precisely when those replacements occurred or why they were insufficient to allow her to determine the possibility of a defect.

Even if the discovery rule applied, in Pennsylvania, "the quasi-contractual doctrine of unjust enrichment [is] inapplicable when the relationship between parties is founded on a written agreement or express contract." *Benefit Trust Life Ins. Co. v. Union Nat. Bank of Pittsburgh*, 776 F.2d 1174, 1177 (3d Cir. 1985) (quoting *Schott v. Westinghouse Elec. Corp.*, 259 A.2d 443, 448 (Pa. 1969)). Here, the relationship is founded on the contract for purchase of the system, and an express warranty applies. Plaintiff's argument that this claim should be considered as one for restitution does nothing to change my assessment of its validity. I will therefore dismiss Count III with prejudice.

    c. *Fraud, UTPCPL, and Negligent Misrepresentation Claims: Counts II, VI, VII*

The claims that remain are Plaintiff's Fraud (Count VII), Unfair Trade Practices and Consumer Protection Law (UTPCPL) (Count II), and Negligent Misrepresentation (Count VI)

8

claims. Because I find Plaintiff has not pled the claims with sufficient specificity, I will dismiss all three.

Plaintiff's fraud claim and her UTPCPL claim, to the extent it is based on fraud, fail because they do not comply with the specificity required under Federal Rule of Civil Procedure 9(b). Courts should be hesitant to dismiss for lack of specificity, but Rule 9(b) expressly demands that, in cases concerning fraud and mistake, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Third Circuit has explained this as a requirement that plaintiffs plead "all of the essential factual background that would accompany 'the first paragraph of any newspaper story'—that is, the 'who, what, when, where and how' of the events at issue." *In re Rockefeller Ctr. Properties, Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1422 (3d Cir. 1997)).

On several of these points, the Complaint falls short. With respect to the "when," Plaintiff does not even specify the dates on which the control board malfunctions occurred, other than to say that the most recent problem occurred in "early 2018."[4] Pl.'s Compl. 10, ECF No. 1. As to the "what," Plaintiff has alleged a defect in the control boards, including "soldering points that failed prematurely and caused error codes." *Id.* at 2. Plaintiff has not, however, identified any specific statements that constituted misrepresentations. She repeatedly asserts that, in advertisements and documentation, Defendants falsely represented the heaters to be reliable and of adequate quality, but the Complaint offers no examples.

---

[4] Plaintiff also indicates that the first malfunction occurred within a few years of the purchase. As Defendants point out, the precise date of that initial incident could have implications for the timeliness of these claims. But I decline to evaluate the timeliness question based on assumptions and inferences about when the first control board problem likely arose.

The Complaint also does not allege how Defendants knew of the control board problems such that their failure to disclose them was fraudulent. Although under Rule 9(b), "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," Fed. R. Civ. P. 9(b), Plaintiff still must show "the manner in which a defendant knowingly departed from the truth." *First E. Corp. by Friedman v. Mainwaring*, 1992 WL 332227, at *5 (E.D. Pa. Nov. 4, 1992) (quoting *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 289 (3d Cir. 1992)). Plaintiff asserts that customers and contractors alerted Defendants to the problem but provides no detail or examples of this contact. The "DIY Chatroom" post to which she cites includes no indication that it concerns the same system Plaintiff owned, is not on a site affiliated with Defendants to suggest they received notice of it, and is dated *after* Plaintiff's purchase of her system. Plaintiff provides no information about a subsequent recall or redesign, nor does she reference other specific claims or complaints brought against Defendants that would support the contention that they knew of the defect. The Complaint's allegations fall short of the requisite specificity for a fraud claim—freestanding or as a basis for a UTPCPL claim—particularly with regard to the "when," "what," and "how" of the events in question.

For similar reasons, Plaintiff's Complaint fails to state a UTPCPL claim based on deception. As I noted in *Joussett v. Bank of Am., N.A.*, a deception claim is not subject to the same Rule 9(b) particularity standard as a fraud-based UTPCPL claim. 2016 WL 5848845, at *7 (E.D. Pa. Oct. 6, 2016). But to make out a deception claim, "a plaintiff must show (1) 'a deceptive act, that is conduct that is likely to deceive a consumer acting reasonable under similar circumstances'; (2) 'justifiable reliance, in other words that he justifiably bought the product in the first place (or engaged in some other detrimental activity) because of the defendants' misrepresentation or deceptive conduct'; and (3) 'that this justifiable reliance caused

ascertainable loss.'" *Id.* (quoting *Vassalotti v. Wells Fargo Bank, N.A.*, 732 F. Supp. 2d 503, 510-11 (E.D. Pa. 2010)). The Complaint here fails at the first prong. "A plaintiff must plead facts alleging a specific deceptive act, rather than a general failure to disclose information." *Goleman v. York Int'l Corp.*, 2011 WL 3330423, at *8 (E.D. Pa. Aug. 3, 2011). As discussed above, Plaintiff has not alleged any specific act of deception and has only asserted in general terms that Defendants failed to disclose the control board defect. Without information to support an inference that Defendants knew of the defect and acted deceptively to withhold that information, Plaintiff has not made out a claim of deceptive conduct under the UTPCPL.

Plaintiff likewise fails to state a claim of negligent misrepresentation. Whether Rule 9(b) applies to negligent misrepresentation is disputed, but even under normal pleading standards, Plaintiff has not stated a claim. *See Schmidt v. Ford Motor Co.*, 972 F. Supp. 2d 712, 720 n.3 (E.D. Pa. Sept. 20, 2013). Under the Rule 8(a) standard, a plaintiff must provide sufficient facts to allege "(1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." *Bionix Dev. Corp. v. Sklar Corp.*, 2009 WL 3353154, at *3-4 (E.D. Pa. Oct. 14 2009) (citing *Bortz v. Noon*, 729 A.2d 555, 560 (Pa. 1999)). Here, the Complaint refers to "Defendants' deceptive and/or misleading representations and/or omissions regarding the presence of adequate control boards in the System" and to "many numerous affirmative representations about the quality of the Systems." Pl.'s Compl. 26, ECF No. 1. Plaintiff does not point to specific representations, and the facts alleged fail to suggest Defendants should have known of the falsity of their representations. These allegations are insufficient to make out a claim of negligent misrepresentation.

For the foregoing reasons, Defendants' Motion to Dismiss is granted as to all counts. I will dismiss Counts I, III, IV, and V with prejudice. I am obligated to dismiss Counts II, VI, and VII without prejudice, but counsel would be well-advised not to replead such claims without a solid factual basis.

    /s/ Gerald Austin McHugh
United States District Judge